UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| AVERY H. PEPPER and ARIEL R. POSH, | : | **Civil Action No. 2:21-00376 (JXN) (JBC)** |
| Plaintiffs, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| RONALD N. LEVY, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**NEALS**, District Judge:

This matter comes before the Court on Plaintiffs Avery H. Pepper and Ariel R. Posh (collectively, "Plaintiffs") unopposed Motion to Transfer this case to the United States District Court for the Southern District of New York. [ECF No. 4]. For the following reasons, Plaintiffs' Motion is **GRANTED**. The Court will transfer this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

## I.     FACTUAL BACKGROUND

This matter stems from alleged injuries suffered by Plaintiffs following a motor vehicle incident in Puerto Rico on January 10, 2019. On January 8, 2021, Plaintiffs initiated this action in the District of New Jersey alleging that Plaintiffs were struck by Defendant Ronald N. Levy ("Defendant") while "lawfully walking and crossing Avenue Isla Verde in front of the Hotel San Juan as pedestrians." Complaint ¶ 19, ECF No. 1. Plaintiffs allege seven causes of action, all seemingly based on Defendant's negligent operation of a motor vehicle in Puerto Rico. Plaintiffs

further allege that Defendant is a resident of New Jersey and venue is proper in this judicial district under 28 U.S.C. §1391(b)(1) because Defendant resides in New Jersey.  Compl. ¶¶ 7, 10.

Plaintiffs have moved to transfer this action to the Southern District of New York, arguing that the Southern District of New York would be far more convenient for the Defendant, who Plaintiffs learned is a resident of New York after filing their Complaint.  *See* Motion to Transfer, ECF No. 4.  Although Plaintiffs' motion was filed nearly three months ago on April 21, 2021, Defendant has not filed an opposition to Plaintiffs' Motion.

## II.    LEGAL STANDARD

The decision whether to transfer an action pursuant to § 1404(a) rests in the Court's discretion and is reviewed for abuse of discretion.  *Gates v. Quaker Oats Co.*, No. 1:16-cv-01944 (NLH) (JS), 2016 WL 4154675, at *2 (D.N.J. Aug. 3, 2016) (citing *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 631–32 (3d Cir. 1989)).  The party seeking transfer of venue bears the burden of establishing that transfer is warranted and must submit an "adequate data of record" to facilitate the Court's analysis.  *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993).  Before transferring venue, the Court must articulate specific reasons for its decision.  *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 44 (3d Cir. 1988); *Ricoh*, 817 F. Supp. at 480.

Courts presented with § 1404(a) motions must take into account a wide range of public and private interests when determining if a transfer to a new venue is appropriate.  The Third Circuit has identified the following private factors as being significant to the § 1404(a) analysis:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted). Among the public factors that courts consider are the following:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (citations omitted).

The movant bears "the burden of persuasion on a motion to transfer." *Ricoh,* 817 F. Supp. at 480 (citations omitted). The movant must demonstrate that "the proposed alternate forum is not only adequate but also more convenient than the present forum." *Id.*

## III.    DISCUSSION

The Court finds that the public and private factors weigh in favor of transferring this case to the United States District Court for the Southern District of New York. As an initial matter, the Court is satisfied that the action "might have been brought" there. 28 U.S.C. § 1404(a). Defendant has not opposed Plaintiffs' Motion, and according to Plaintiffs, Defendant is a resident of Manhattan, New York, within the Southern District of New York. *See Eviner v. Eng*, No. 2:12-cv-02245 (KM), 2013 WL 6450284, at *4 (D.N.J. Dec. 6, 2013) (finding venue proper under 28 U.S.C. § 1391 in the district where the defendants resided).

The Court also finds that Plaintiffs have met their burden of establishing that the Southern District of New York is the more convenient forum. The public and private factors weigh in favor of transfer, and therefore the Court, exercising its broad discretion under § 1404, finds that transfer is appropriate.

3

### A. The Private Factors

The private factors weigh in favor of transfer. Although Plaintiffs' initial preference was to litigate this matter in this district, Plaintiffs now prefer to litigate in the Southern District of New York which they argue is more convenient for Defendant. Because Defendant has not opposed this motion, the Court cannot consider Defendant's preference. Thus, Plaintiffs' preference weighs in favor of transfer.

The convenience of the witnesses also favors transfer. This matter involves a motor vehicle incident that occurred in Puerto Rico. It is apparent from the pleadings and Plaintiffs' moving papers that the witnesses in this matter are the parties in the current lawsuit – the alleged driver, Defendant Ronald Levy, and the alleged victims or pedestrians, Plaintiffs Avery Pepper and Ariel Posh. Plaintiffs are residents of Pennsylvania, *see* Compl. ¶ 3, and Defendant is alleged to reside in New York, within the Southern District of New York. Thus, physical convenience of the parties weighs in favor of transfer. Because Defendant did not oppose Plaintiffs' Motion, the Court cannot opine on any potential financial difficulty Defendant might have traveling to New York. As such, the Court finds that the financial convenience of the parties does not weigh heavily in favor of either party.

Finally, the location of the books and records do not weigh in favor of or against transferring the case. As stated above, the facts that give rise to this litigation stems from a motor vehicle incident that occurred almost two years ago in Puerto Rico. The police report and any records relating to the incident and subsequent investigation are located in Puerto Rico. Nothing in the record suggests that these files could not be produced in this district or the Southern District of New York. Accordingly, this factor does not weigh in favor of or against transferring the case.

**B.  The Public Factors**

The public factors also support transferring this case.  First, neither party disputes that a judgment would be equally enforceable in New Jersey and New York, and therefore, this factor does not weigh heavily in favor of or against transferring the case.

Second, should this litigation go to trial, it will be substantially easier for Defendant to litigate this action in New York within the district where he allegedly resides.  Although the courthouses in the District of New Jersey and the Southern District of New York are only less than fifteen miles apart, it would be more convenient for the 90-year-old Defendant to attend court proceedings in the district where he resides.  Because Defendant has not opposed this motion, the Court cannot opine on any difficulties or hardship Defendant may have commuting to this district or the Southern District of New York for any court proceedings.  Thus, this factor weighs in favor of transfer.

Because the actions giving rise to Plaintiffs' claims took place in Puerto Rico, the remaining considerations are not applicable.  In light of the applicable public factors, this Court finds that these factors weigh in favor of a transfer.

**IV.    CONCLUSION**

For the reasons discussed above, Plaintiffs' Motion to Transfer Venue pursuant to § 1404(a) is **GRANTED**.  This matter will be transferred to the United States District Court for the Southern District of New York.  An Appropriate order will follow.

DATED: July 21, 2021

Julien X. Neals
United States District Judge

5